UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>          Plaintiffs,<br><br>     v.<br><br>SUN-HAYWARD, LLC,<br><br>          Defendants. | Case No. 21-cv-08574-JST<br><br>**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION**<br><br>Re: ECF No. 16 |

After reviewing Plaintiff Orlando Garcia's response to the order to show cause issued by Judge Gonzalez Rogers as to why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, ECF No. 16, the Court will now decline to exercise such jurisdiction.

District courts "have supplemental jurisdiction over all . . . claims that are so related to claims in the action" over which the Court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff's Americans with Disabilities Act ("ADA") claim and Unruh Act claim "form part of the 'same case or controversy' for purposes of § 1367(a)" because they both "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021) (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)). However, a district court "may decline to exercise supplemental jurisdiction over a claim" when one of four exceptions applies:

> (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court

> has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). To invoke the fourth exception, courts must engage in a two-part inquiry.

> First, the district court must "articulate why the circumstances of the case are exceptional" within the meaning of § 1367(c)(4). Second, in determining whether there are "compelling reasons for declining jurisdiction" in a given case, the court should consider "what best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine articulated in [*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)]."

*Arroyo*, 19 F.4th at 1210 (first quoting *Exec. Software N. Am., Inc. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008); and then quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997)). This inquiry is "not particularly burdensome," and courts "simply must articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide[s] compelling reasons for declining jurisdiction in such circumstances." *Id.* (quoting *Exec. Software*, 24 F.3d at 1558 (alteration in *Arroyo*)).

      As to the first part of the inquiry, the circumstances of this case are exceptional because, as the Ninth Circuit has recognized, "the recent confluence of several California-law rules have combined to create a highly unusual systemic impact on ADA-based Unruh Act cases." *Id.* at 1211. Those rules impose special pleading standards, additional procedural requirements, and prohibitions on all plaintiffs, as well as additional pleading requirements and an increased filing fee on plaintiffs who are high-frequency litigants. *Id.* at 1206-1207. The Court is thus "presented with a converse comity concern—namely, that retention of supplemental jurisdiction over ADA-based Unruh Act claims threatens to substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms." *Id.* at 1213. "[T]his extraordinary situation threatens unusually significant damage to federal-state comity and presents 'exceptional circumstances' within the meaning of § 1367(c)(4)." *Id.*; *see also Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022) ("There is little doubt that the first prong is satisfied here. . . . [T]he same 'unique configuration of laws in this area'

2

present the same concerns about comity and fairness here as they did in *Arroyo* . . . ." (quoting *Arroyo*, 19 F.4th at 1212)).

As to the second part, the Court finds that the values of fairness and comity provide "'compelling reasons' for declining supplemental jurisdiction in *this* case." *Arroyo*, 19 F.4th at 1214 (emphasis in original). This case has not progressed past the pleadings stage.[1] Because this litigation is in its early stages, declining supplemental jurisdiction preserves the state court's role in determining the applicability of California's procedural rules that are specific to Unruh Act cases, ensuring compliance with those rules, and thereby accomplishing the policy objectives that underlie those rules. *See Vo*, 49 F.4th at 1172 (affirming district court's finding "that the values of fairness and comity favored not retaining jurisdiction over the [Unruh Act] claim" where the district court "declined supplemental jurisdiction over [the plaintiff's] Unruh Act claim well before it ruled on the merits of the ADA claim"); *cf. Arroyo*, 19 F.4th at 1215-16 ("If the district court had declined supplemental jurisdiction over [the plaintiff's] Unruh Act claim at the *outset* of the litigation, it might then still have been possible to further California's interest . . . ." (emphasis in original)). Although *Arroyo* and *Vo* did not arise in this district, which has adopted General Order 56 to govern ADA access cases, that order "is not designed to (and, indeed, does not) address the particular concerns that motivated the California legislature to adopt heightened pleading standards for 'high-frequency litigants.'" *Johnson v. Constantia Cap. Ltd.*, No. 22-cv-01456-RS, 2022 WL 3925290, at *2 (N.D. Cal. Aug. 30, 2022).

For the above reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, and that claim is hereby dismissed without prejudice. Within two weeks of the date of this order, Plaintiff shall file a statement that he intends to proceed solely on his ADA claim in this Court or a notice or stipulation of voluntary dismissal, as appropriate under Rule 41(a)(1) of the Federal Rules of Civil Procedure. If Plaintiff fails to file a timely statement or

---

[1] There remains pending a motion to dismiss for lack of subject matter jurisdiction on the ground that Defendants have remediated, or are in the process of remediating, the alleged barriers to access at the subject property. ECF No. 12. If Plaintiff elects to proceed solely on his ADA claim (as discussed below), the Court will set a case management conference at which the Court can determine how best to proceed with that motion.

dismissal, the Court will dismiss the ADA claim for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and close this case.

**IT IS SO ORDERED.**

Dated:  January 5, 2023



JON S. TIGAR
United States District Judge